the Board at any time. The 60-day period had expired when the petition was actually filed. The Board, therefore, is without jurisdiction to hear and determine the appeal, and the motion to vacate the order of dismissal is overruled.

---

Appeal of **MORRIS MOORE'S SONS, INC.**      Docket No. 1409.

Submitted March 17, 1925; decided March 30, 1925.

*Benjamin Mahler, Esq.*, for the taxpayer.
*Willis D. Nance, Esq.*, for the Commissioner.

Before IVINS and KORNER.

FINDINGS OF FACT

The taxpayer is a New York corporation doing business as real estate and insurance agent.

During 1919, 1920, and 1921 its stock was held in equal shares by its three officers, each holding 40 shares of the par value of $100 each. The net income of the corporation as shown by its books for 1919 and 1920 was as follows:

| | |
|---|---|
| 1919 | $3,090.76 |
| 1920 | 3,713.95 |

Such net income for 1921 was between $3,000 and $4,000. At the formation of the corporation in 1919, it was agreed that the three officers should be paid equal salaries of $12,000 per annum, but the salaries actually paid to each officer were:

| | |
|---|---|
| 1919 | $7,500 |
| 1920 | 12,500 |
| 1921 | 7,800 |

Two of the officers devoted a large part of their time to the business of the taxpayer, but it does not appear how much time was devoted by the third officer, Anna Moore, nor how much her services were reasonably worth.

The Commissioner, upon the recommendation of a revenue agent that not more than $2,500 should be allowed as a reasonable salary to Anna Moore for each year, disallowed part of the taxpayer's deductions for officers' salaries as follows:

| | |
|---|---|
| 1919 | $5,000 |
| 1920 | 10,000 |
| 1921 | 5,300 |

and accordingly determined a deficiency in tax in the sum of $6,252.19. From his determination the taxpayer appealed.

DECISION.

The determination of the Commissioner is approved.